IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. PENDLETON,                       : | |
|       Petitioner,                                    : | |
|                                                                : | |
| v.                                                             : | Case No. 3:25-cv-99-KAP |
|                                                                : | |
| PENNSYLVANIA PAROLE BOARD (formerly : | |
| the Pennsylvania Board of Probation and    : | |
| Parole), *et al.*,                                          : | |
|       Respondents                                : | |

<u>Memorandum Order</u>

The petitioner's motions at ECF no. 9 and ECF no. 10 are denied. The motion for recusal claims without support that I have a "personal and pecuniary interest" adverse to petitioner. Under 28 U.S.C.§ 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Under 28 U.S.C.§ 455(a) and (b):

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding...

The motion for my recusal does not contains any affidavit, much less a "sufficient" one in support of a claim that I have any personal or pecuniary interest in litigation before me (*see generally* <u>Aetna Life Ins. Co. v. Lavoie</u>, 475 U.S. 813, 824 (1986)(discussing pecuniary interest doctrine under Due Process Clause) nor does it identify facts that might reasonably cause an objective observer to question my impartiality. *See* <u>Liljeberg v. Health Services Acquisition Corp.</u>, 486 U.S. 847 (1988)(recusal proper where judge in a bench trial sat on the board of trustees of a party negotiating with one of the litigants over property, the ownership of which was at issue in the bench trial); <u>Clemmons v. Wolfe</u>, 377 F.3d 322, 326 (3d Cir.2004)(recusal from habeas proceedings required of a judge who before taking the federal bench presided over the state court criminal proceedings). What obviously upsets petitioner is his lack of success in other matters he has filed. Recusal is almost never proper on the basis of a judge's actions in a case, unless they display

1

"unequivocal antagonism that would render fair judgment impossible." <u>Liteky v. United States</u>, 510 U.S. 540, 556 (1994). Lack of judgment in petitioner's favor cannot be fairly described as antagonism.

      In July, as part of my Report and Recommendation at ECF no. 11 I directed the Clerk to draw a District Judge to preside over this matter, and I ordered that counsel for the Pennsylvania Parole Board to be added to the docket for notice purposes only, with no duty to respond. My recommendation and my order render moot all of petitioner's ECF no. 10. But if the district judge eventually assigned to this matter allows petitioner to file objections out of time and rejects my recommendation, then the respondent will no doubt be ordered to respond.

DATE: September 22, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Michael J. Pendleton DY-1646
S.C.I. Somerset
1600 Walters Mill Road
Somerset, PA 15510